UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOHN LOUIS ATKINS,

    Petitioner,

v.      No. 1:23-CV-00192-H

DIRECTOR, TDCJ-CID,

    Respondent.

### OPINION AND ORDER

Petitioner John Louis Atkins, a self-represented state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and 67-year sentence for murder. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is untimely and, alternatively, that it is partially unexhausted and that one of his claims is not cognizable. Dkt. No. 28, 29. Petitioner filed a reply. Dkt. No. 38. Then he filed a motion to supplement his petition with additional records. Dkt. No. 43. He also filed a motion to compel the Texas Court of Criminal Appeals (TCCA) to disclose the names of the judges that adjudicated his state habeas application. Dkt. No. 46. As explained below, the Court denies Petitioner's motion to compel for lack of jurisdiction. Additionally, the Court denies the motion to supplement as futile and concludes that the petition must be denied and dismissed with prejudice because it is untimely.

1. **Background**

    A. **Procedural History**

A Taylor County jury found Petitioner guilty of murder on February 2, 2018, and sentenced him to 67 years in prison. The Eleventh Court of Appeals affirmed his

conviction, and, after granting him permission to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review on March 17, 2021. He did not file a petition for writ of certiorari in the Supreme Court.

Petitioner filed a state application for writ of habeas corpus on March 14, 2022, but the TCCA denied it on May 25, 2022 without written order. Petitioner filed another state habeas application on June 18, 2023, but the TCCA dismissed it as subsequent on July 26, 2023.

Petitioner filed this federal habeas action on September 18, 2023.[1] He later filed an amended petition. Dkt. No. 19.

### B. The Parties' Arguments

The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) He is actually innocent because Giani Tedeschi shot the victim;

2) Officer Walker never drafted a police report, and the prosecutor did not disclose the undrafted report in violation of *Brady v. Maryland*;

3) The TCCA erroneously denied his second state habeas application as subsequent even though it was the first application to substantively challenge his conviction;

4) He received ineffective assistance of appellate counsel when his attorney failed to present the totality of the circumstances of his warrantless arrest;

5) He received ineffective assistance of trial counsel when his attorney failed to adequately develop crucial facts to prove that his arrest was illegal;

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (Providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

2

6) He received ineffective assistance of trial counsel when his attorney failed to investigate, interview, or subpoena favorable available witnesses;

7) He received ineffective assistance of trial counsel when his attorney failed to follow his defense directives or provide a coherent trial strategy;

8) He received ineffective assistance of trial counsel when his attorney failed to properly argue a motion to suppress the fruits of his warrantless arrest;

9) He received ineffective assistance of trial counsel when his attorney failed to argue the violation of his Miranda rights during his custodial interrogation;

10) He received ineffective assistance of trial counsel when his attorney failed to request a proper jury instruction on illegally obtained evidence;

11) He received ineffective assistance of appellate counsel when his attorney failed to raise the sufficiency of the evidence;

12) He received ineffective assistance of trial counsel when his attorney failed to review grand jury proceedings; and

13) He received ineffective assistance of trial counsel and the trial court abused its discretion by not understanding and applying collateral estoppel to preclude the admission of the murder weapon.

Dkt. No. 19.

Respondent argues that the Court should deny Petitioner's claims and dismiss the petition with prejudice because it is barred by the applicable statute of limitations. Dkt. No. 29. Alternatively, Respondent argues that Petitioner's first and fourth grounds for relief are unexhausted, and his third ground for relief is not cognizable. *Id.* Thus, Respondent argues that Petitioner is not entitled to federal habeas relief and urges the Court to dismiss the petition with prejudice. *Id.*

Petitioner filed a reply. He argues that he is entitled to equitable tolling because he did not receive timely notice of the state habeas court's decision and because the state trial judge unethically refused to recuse himself from the habeas review process. He also contends that the respondent incorrectly calculated the date that his conviction became final because it did not account for the Supreme Court's extending the time for filing a petition

for writ of certiorari. Thus, he argues that his petition should be deemed timely, but even if it was untimely, he asserts that he has shown cause and prejudice to excuse his untimeliness and his failure to exhaust certain claims because he has diligently sought, and found, new evidence.

### C.   Petitioner's Post-Briefing Motions

Well after briefing was completed in this case, Petitioner moved to supplement his petition with "new evidence" consisting of letters he wrote to the Taylor County District Attorney's office from prison, and correspondence he received back from the DA's office. Dkt. No. 43. In essence, the proposed supplement shows that Petitioner asked the DA's office (1) why Officer Walker was not subpoenaed to testify, and (2) why he was not required to write a report. The DA's office answered that (1) Officer Walker's military duty prevented service of the subpoena, and (2) Officer Walker did write a report, which the DA's office produced to Petitioner during discovery in his underlying state criminal proceeding. Dkt. No. 43-1 at 2. And the DA's office attached supporting documents to the correspondence. Dkt. No. 43-1 at 3–5. Now, Petitioner asks to supplement his petition with the post-conviction correspondence and attached documentation, as well as an additional statement from Petitioner's sister. Dkt. No. 43. But he has not shown that the proposed supplement may be properly considered in this proceeding. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); Rule 7 of the Rules Governing Section 2254 Cases. Nor has he shown that the documents provided by the DA's office were unavailable at the time of his trial. And in any event, even if the Court permitted the supplement, it would not alter the Court's conclusion that Petitioner's claims are time barred. Thus, the motion to supplement, Dkt. No. 43, is denied.

Petitioner also seeks mandamus relief, seeking to compel the TCCA to disclose the names of the judges who reviewed his state habeas application. He asserts that he has "very good reason to believe that the Texas Court of Criminal Appeals . . . 'rubber-stamped' the . . . adjudication" of his application, and "not even one judge reviewed the writ of habeas corpus in the Texas Court of Criminal Appeals." Dkt. No. 46 at 1. Thus, he asks for a writ of mandamus to "[r]esolv[e] this dubious issue." *Id.* at 2.

Under 28 U.S.C. § 1361, federal district courts have mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed" to a petitioner. "But a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moye v. Clerk, DeKalb Cty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, the Court lacks the authority to compel the TCCA to disclose the identity of the judges responsible for the per curiam denial of habeas relief. Petitioner's motion, Dkt. No. 46, is denied as frivolous.

2.  **Discussion**

The Court has reviewed Petitioner's pleadings, Respondent's answer, and the state court records submitted by Respondent. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction"). As explained below, regardless of whether Petitioner's claims are exhausted, cognizable, or otherwise procedurally barred, the petition must be dismissed as untimely.

### A.   Statute of Limitations

Petitioner's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA establishes a one-year limitation on filing federal habeas corpus petitions. Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.   Relevant Timeline and Statutory Tolling

Petitioner's conviction became final on August 16, 2021, when his time for filing a petition for writ of certiorari expired.[2] Thus, absent any tolling, Petitioner's federal petition was due one year later, on August 16, 2022. Petitioner's relevant state habeas application, WR 91,551-02, was properly filed and tolled the limitations period for 72 days, making his

---

[2]The Texas Court of Criminal Appeals refused Petitioner's Petition for Discretionary Review on March 17, 2021. Ordinarily, a petition for writ of certiorari to the Supreme Court would have been due 90 days later. *See* Sup. Ct. R. 13.1. But because Petitioner's state-court proceedings took place between March 20, 2020 and July 19, 2021, he was subject to the Supreme Court's COVID-era extension of the deadline to 150 days. *See* Guidance Concerning Clerk's Office Operations, July 19, 2021, https://www.supremecourt.gov/announcements/COVID-19_Guidance_July_2021.pdf (last visited Jan. 14, 2026).

federal petition due on October 27, 2022. Petitioner's subsequent state habeas application did not toll the limitations period because it was filed after the limitations period expired. Petitioner did not file his federal petition until September 18, 2023. Thus, absent any equitable tolling, the petition was nearly eleven months late.

### C. Equitable Tolling

In "rare and exceptional circumstances," the doctrine of equitable tolling may preserve a petitioner's claims when the strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004). Equitable tolling does not apply when an applicant has "failed to diligently pursue his rights." *Larry*, 361 F.3d at 897. Additionally, the Petitioner must show that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

Petitioner acknowledges that his petition was likely filed after the expiration of the limitation period. He argues that he should be entitled to equitable tolling because he did not receive timely notice of the TCCA's denial of his claims. He contends that he never received the TCCA's white-card denial; rather, he learned about the denial when the habeas court referred to it in separate correspondence on January 24, 2023. Dkt. No. 19 at 19. Assuming that's true, Petitioner would be entitled to 244 days of equitable tolling (from May 25, 2022 to January 24, 2023). *See Hardy v. Quarterman*, 577 F.3d 596, 598–99 (5th Cir. 2009) (explaining that long delays in receiving notice of state court action may warrant equitable tolling). That moves his deadline to June 28, 2023, which in turn, renders his subsequent state habeas application properly filed, which provides an additional 38 days of tolling. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (explaining that a second state petition, although ultimately dismissed as successive, may be properly filed for

7

purposes of tolling the limitations period). Considering all applicable statutory and equitable tolling, Petitioner's federal petition was due on Monday, August 7, 2023.³ But again, Petitioner did not initiate this federal habeas action until September 18, 2023—more than a month too late.

Petitioner argues that he is entitled to additional equitable tolling because he lost access to his personal property, including his legal work, when he was transferred between prison units on May 1, 2023. He contends that he did not receive his legal papers until October 2023. The Court finds that Petitioner is not entitled to equitable tolling for this period, however. First, the conditions Petitioner complains of—difficulty obtaining records, prison lockdowns, and transfers between units—are common parts of prison life and not extraordinary circumstances that warrant equitable tolling. *See, e.g., Brown v. Dretke*, 3:02-CV-1186-R, 2004 WL 60266, at *2 (N.D. Tex. 2004); *Ford v. Stephens*, No. 4:13-CV-661-C, 2013 WL 5813013, at *3 (N.D. Tex. Oct. 29, 2013); *United States v. Cockerham*, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012) ("Transfers to other facilities resulting in separation from legal papers are not rare and extraordinary and do not warrant equitable tolling.").

Moreover, the Court notes that Petitioner filed his subsequent state habeas application in June 2023—about a month after he claims to have lost access to his legal work. He has not shown that his prison transfer, lockdown, or inability to access records presented an extraordinary circumstance that stood in the way of his timely filing. This is also supported by the fact that his federal petition was ultimately filed before his access to the lost legal documents was restored.

---

³The deadline would have been August 5, 2023, which was a Saturday.

Finally, Petitioner's demonstrated lack of diligence in pursuing habeas relief precludes him from any additional tolling. He waited more than seven months after his conviction became final before filing his state habeas application. And he failed to inquire about the status of his state habeas application for nearly ten months. Then, when he inadvertently discovered that the TCCA had denied relief, he waited another eight months before initiating this habeas action. Thus, Petitioner is not entitled to additional tolling, and his federal petition remains untimely.

### D. Actual Innocence

Next, the Court must consider whether Petitioner's actual-innocence claim entitles him to bypass the application of the statute of limitations. "The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). However, a credible claim of actual innocence may serve as a gateway to overcome impediments such as procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

This rule, also known as the "fundamental miscarriage of justice exception," is based on equitable principles to ensure that "constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Importantly, innocence here refers to factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

"The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "[T]he

*Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. at 329). The Supreme Court has emphasized that this exception applies to a very narrow category of cases. *McQuiggin*, 569 U.S. at 394–95. To present a credible claim of actual innocence, a petitioner must present new evidence that was unavailable at the time of trial, based on which it is more likely than not that no reasonable juror would have convicted the petitioner. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (explaining that, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial).

Here, Petitioner has failed to make a credible showing of actual innocence. He claims that he was present when the victim was shot and killed, but that he was not the one who fired the gun. But he does not rely on any new evidence to support that allegation. And he necessarily would have known those alleged facts before his trial. He does not offer or identify any evidence that was unavailable during the original proceedings.[4] And at most, he offers an alternative theory of the case that a jury could either accept or reject. But that is not enough to satisfy the demanding *Schlup* standard. In short, Petitioner has failed to present any new evidence to support his claim of actual innocence, nor has he shown that no reasonable juror would have found him guilty. Thus, he has not made a credible claim of actual innocence sufficient to overcome the application of the statute of limitations or other procedural bars. Thus, his petition must be dismissed as untimely.

3.  **Conclusion**

In sum, even with the benefit of significant statutory and equitable tolling, Petitioner's claims are time barred. Thus, the Court dismisses the petition with prejudice.

---

[4] As discussed above, Petitioner claimed to have discovered new evidence for purposes of his motion to supplement the petition. Dkt. No. 43. But Petitioner's proposed supplemental records have no bearing on his claim of actual innocence.

The Court therefore orders:

(1)  The petition for writ of habeas corpus is dismissed with prejudice.

(2)  All relief not granted is denied, and any pending motions are denied.

(3)  Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated January 21, 2026.

                                                JAMES WESLEY HENDRIX
                                                United States District Judge